# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-5133**                     **September Term, 2023**

**1:23-cv-01272-UNA**

**Filed On:** October 13, 2023

Bobby E. Hazel,

       Appellant

    v.

United States of America,

       Appellee

----------------------------

Consolidated with 23-5156

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Wilkins, Katsas, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's May 18, 2023 and June 6, 2023 orders be affirmed. The district court did not err by dismissing appellant's constitutional tort claims under the Federal Tort Claims Act ("FTCA") because they are barred by sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 478 (1994). The district court also did not err by concluding that the United States has not waived immunity for appellant's emotional distress claims under the FTCA because the government would not be liable to the claimant "as a private person" for refusing or

failing to disclose a videotape as exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963), or under the Freedom of Information Act.  See Meyer, 510 U.S. at 477–78.  Further, to the extent appellant attempted to raise claims pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation, 403 U.S. 388 (1971), these claims fail because the United States is not a proper Bivens defendant.  See Meyer, 510 U.S. at 484–86.  To the extent appellant argues that he should have been permitted to amend his Bivens claims to add individual defendants, he has forfeited that argument by not raising it in the district court.  See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017).  Finally, the district court did not abuse its discretion by denying reconsideration of its dismissal order, see Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996), because the government's acknowledgment of an administrative tort complaint under the FTCA does not waive sovereign immunity, see GAF Corp. v. United States, 818 F.2d 901, 904–05 (D.C. Cir. 1987).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk